**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**BONDARY MCCALL, #43827-019**
*also known as* **Bondaryl McCall**                                                           **PETITIONER**

**VERSUS**                                         **CIVIL ACTION NO.  3:13-cv-846-DCB-MTP**

**BENITA MOSLEY, Warden**                                                                **RESPONDENT**

### MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal.  On October 4, 2013, *pro se* Petitioner McCall filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  McCall is presently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, and attacks his federal conviction and sentence of imprisonment.  Upon review of the Petition [1], Responses [12, 15, 19], and entire Court record, along with the applicable case law, the Court has reached the following conclusions.

**I.  Background**

McCall states that in 1994, he was convicted of conspiracy to distribute cocaine[1] in the Southern District of Ohio and sentenced to serve 365 months imprisonment.  Pet. [1] at 1.  His conviction and sentence were affirmed by the Sixth Circuit.  *United States v. McCall*, No. 95-3015, 1996 WL 77437 (6th Cir. Feb. 20, 1996).  The denial of McCall's first motion to vacate his sentence pursuant to 28 U.S.C. § 2255 was affirmed by the Sixth Circuit on October 19, 2000.  *McCall v. United States*, No. 99-3524, 2000 WL 1597853 (6th Cir. Oct. 19, 2000).

---

[1]According to the Sixth Circuit, McCall was named in 18 counts of a 35-count superseding indictment, and a jury convicted him of 15 counts.  *See McCall v. United States*, No. 99-3524, 2000 WL 1597853, *1 (6th Cir. Oct. 19, 2000).

In the instant petition, McCall asserts three grounds for habeas relief. First he claims that his conviction and sentence are invalid and void based on the United States Supreme Court's holding in *Alleyne v. United States*, 133 S.Ct. 2151 (2013).[2] Secondly, he states "breach of contract" based on "misapplication of . . . policies, rules, codes, directives and regulations against petitioner." Pet. [1] at 6. As the third ground for relief, McCall states "breach of current treaty of peace with the United States pursuant to U.S. Senate and House passage of public policy called 'The [U]niting and Strengthening of America Act,'" which he states is a treaty prohibiting the suspension of the "Writ." *Id.* at 7. As relief, McCall has asked for an emergency hearing and his immediate release from incarceration. *Id*. at 11, 13, 14.

## II. Analysis

A federal inmate may attack the manner in which his sentence is being carried out or the prison authorities' determination of its duration in a habeas petition pursuant to 28 U.S.C. § 2241, filed in the same district where the prisoner is incarcerated. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). By contrast, a federal inmate's challenge to the validity of his conviction or sentence should be pursued in a motion pursuant to 28 U.S.C. § 2255, filed in the sentencing court. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997).

McCall's claims challenge the validity of his conviction and sentence, and therefore are not properly pursued in a § 2241 petition. *Pack*, 218 F.3d at 452. However, pursuant to a limited exception, referred to as the "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner establishes that the

---

[2]*Alleyne* explicitly relied on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and held that, generally, any fact that increases the mandatory minimum of a sentence must be found by a jury. 133 S.Ct. at 2155.

remedy under

§ 2255 is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). In *Reyes-Requena,* the Fifth Circuit set forth a two-part test to determine if a claim meets the stringent "inadequate or ineffective" requirement entitling the inmate to proceed under the savings clause. 243 F.3d at 904. To satisfy the test, an inmate "must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002) (citing *Reyes-Requena v. U.S.*, 243 F.3d at 904).

Since McCall attacks the validity of his conviction and sentence in the instant case, he cannot pursue these claims in a § 2241 petition unless he can demonstrate that he is entitled to relief under the savings clause. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001)("[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner."). McCall was directed, on three separate occasions, to state if he is claiming that a Motion pursuant to § 2255 is an inadequate or ineffective means of attacking his current confinement and if so, to state grounds in support of this assertion. *See* Orders [9, 14, 18]. In the most specific Response [12], he states that his "claims are proper in that nature of 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location or conditions of the execution of petitioner's sentence and the facts." Resp. [12] at 1. In addition, McCall alludes to various conditions of confinement complaints as impediments to him fully responding to Court Orders. *See* Resp. [15]; Affidavit

[16]. The Court has applied a liberal construction to the pleadings and finds that McCall has had adequate opportunity to present his habeas claims in the 67 pages of pleadings he has filed during the six-month pendency of this case.[3] At best, McCall contends that he meets the requirements to proceed under the savings clause because (1) the Supreme Court decision he relies on for relief was handed down in 2013; (2) he has already been denied relief under § 2255; and (3) future attempts would be barred as successive petitions.

The Fifth Circuit recently rejected a federal inmate's attempt to proceed under the savings clause with claims based on *Alleyne. See Griffin v. Longley,* No. 13-60105, 2013 WL 6234581 (5th Cir. Dec. 3, 2013) (affirming dismissal of § 2241 petition by custodial court). The Court stated that *Alleyne* "do[es] not support a holding that Griffin's claim is based on a retroactively applicable Supreme Court opinion indicating that he was convicted [in 1999] of a nonexistent offense and that his claim was foreclosed when it otherwise should have been raised." *Id.* at *1 (citing *Reyes-Requena*, 243 F. 3d at 904). Likewise, this Court finds that McCall's claim based on *Alleyne* does not satisfy the factors set forth in *Reyes-Requena*.

Furthermore, the law is clear that "a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or

---

[3]The Court finds that to the extent McCall is attempting to assert conditions of confinement claims, they are not properly pursued in this habeas petition. A *Bivens* complaint is the proper vehicle for an inmate to pursue a civil rights complaint against federal actors. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Rather than liberally construe the possible conditions of confinement claims asserted in this case as a separate civil rights case, the conditions claims will be dismissed without prejudice. *See Lineberry v. U.S.*, 380 F. App'x 452, 453 (5th Cir. 2010)(affirming district court's dismissal of federal inmate's conditions of confinement claims asserted in § 2241 habeas case). The Court does not reach a determination of the viability of any possible conditions of confinement claims; nonetheless, the Clerk is directed to mail McCall a packet of *Bivens* complaint forms for prisoners. The decision whether or not to pursue these claims in a separate civil rights action rest squarely with McCall. He is advised that the filing fee for a civil rights complaint is $350.00 or $400.00, and governed by provisions of the Prison Litigation Reform Act that are not applicable to the $5.00 habeas filing fee.

ineffective." *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *see also Pack*, 218 F.3d at 452-53 (finding an inmate's failure to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy). As such, the Court concludes that McCall does not meet the requirements to proceed with his claims under the savings clause.

### III. Conclusion

Since McCall's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action for habeas corpus relief pursuant to § 2241.

Accordingly, this Petition for habeas relief is dismissed as frivolous. *Ojo*, 106 F.3d at 683 (finding inmate's § 2241 petition asserting claims properly pursued under § 2255 to be "thoroughly frivolous"). To the extent the Petition can be construed as a § 2255 motion it is dismissed for lack of jurisdiction. *Pack,* 218 F.3d at 454. Finally, to the extent any possible conditions of confinement claims are presented in this habeas petition they are dismissed without prejudice.

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the __17th__ day of April, 2014.

                           __s/ David Bramlette__
                           UNITED STATES DISTRICT JUDGE