IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BONDARY MCCALL, #43827-019**
*also known as* **Bondaryl McCall**                                                                     **PETITIONER**

**VERSUS**                                                                **CIVIL ACTION NO. 3:13-cv-846-DCB-MTP**

**BENITA MOSLEY, Warden**                                                                       **RESPONDENT**

## ORDER

BEFORE THE COURT is Petitioner's Motion [ECF No. 22] for Reconsideration filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Petitioner, an inmate of the Bureau of Prisons, proceeding *pro se*, moves the Court to reconsider the Final Judgment [ECF No. 21] entered on April 18, 2014, dismissing this Petition for habeas corpus relief. Having considered the Motion and applicable case law, the Court finds that the Motion is not well-taken and should be denied.

In order to obtain relief under Rule 59(e), the moving party "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and the request for relief "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir.2003)(citation omitted). The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e), a district court should consider the following non-inclusive factors: (1) the reasons for the plaintiff's default; (2) the importance of the evidence to the plaintiff's case; (3) whether the evidence was available to the plaintiffs before they responded to the underlying motion; and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened. *Sturges v. Moore*, 73 Fed. App'x. 777, 778 (5th Cir. 2003)(citing *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994)). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional

chance to sway the judge." *Id.* at 626.

Petitioner has not provided any basis for relief in his Motion.  As such, the Court concludes that Petitioner has failed to satisfy the requirements for obtaining relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  *See e.g., Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.").  Therefore, it is hereby,

ORDERED that Petitioner's Motion [ECF No. 22] for Reconsideration is **denied.**

SO ORDERED this the 12th   day of May, 2014.


    s/David Bramlette  
    UNITED STATES DISTRICT JUDGE